| | |
|---|---|
| STATE OF CALIFORNIA | UNITED STATE DISTRICT COURT |
| COUNTY OF ORANGE | CENTRAL DISTRICT OF CALIFORNIA |
| SANTA ANA COURT HOUSE | SOUTHERN DIVISION |
| WILLIAM VERDULT ENTERPRISE, WILLIAM J. VERDULT, and TROY VERDULT,    PLAINTIFFS, | RONALD REAGON FEDERAL COURTHOUSE 411 CIVIC CENTER PLAZA SANTA ANA, CA 92701 |
| vs. | COMPLAINT |
| THE PERKINS FAMILY TRUST, ALTON PERKINS d/b/a BLACKSTOCK DEVELOPMENT CORP., and BLACKSTOCK HOLDINGS CORP.,    DEFENDANTS. | CV09-07654 SJO (MLGx) |

FILED 2009 OCT 21 PM 3:03

The Plaintiffs, William Verdult Enterprise (hereinafter "Verdult Enterprise"), William J. Verdult (hereinafter "William Verdult") and Troy Verdult, complaining of the Defendants, The Perkins Family Trust (hereinafter "Perkins Trust"), Alton Perkins d/b/a Blackstock Development Corporation (hereinafter "Blackstock Development"), Blackstock Holdings Corporation (hereinafter "Blackstock Holdings") and Alton Perkins (hereinafter "Perkins"), alleges as follows.

## FACTS

1. Plaintiffs are citizens and residents of Orange County, California and consent to the jurisdiction of this court.

2. Upon information and belief, Defendant Perkins is a citizen and resident of Mecklenburg County, North Carolina.

3. Upon information and belief, Defendant Perkins Trust was organized and exists in Mecklenburg County, North Carolina and is located at 120 North Cedar Street, Suite 3809, Charlotte, NC 28202. And uses among others including, 10130 Mallard Creek Rd. Suite 300 Charlote 28262

4. Upon information and belief, Defendant Blackstock Development, does not exist as a corporation, they are not registered, nor have they ever been registered, with the North Carolina Secretary of State, nor are they registered or have ever been registered with the State of Delaware, which is the state it was supposedly incorporated in according to the stock certificates issued to Troy Verdult as outlined below. Therefore, Blackstock Development Corp. is a d/b/a of Alton Perkins.

5. Upon information and belief, Defendant Blackstock Holdings Corp. was organized in Delaware and has been registered with the North Carolina Secretary of State, and exists in Mecklenburg County, North Carolina. The Registered Agent is Alton Perkins located at 120 North Cedar Street, Suite 3809, Charlotte, NC 28202.

6. On January 6, 2006, Defendant Perkins Trust entered into an Irrevocable Art Publication and Rights Agreement (hereinafter "Agreement") with Verdult Enterprise, William Verdult and Troy Verdult.

7. The terms of the Agreement as stated in Paragraph 1, was that for the sum of One hundred thousand dollars ($100,000), and twenty percent (20%) stock in the Perkins Trust's Public Company, Blackstock Development, and an annual stipend of sixty thousand dollars ($60,000) per year payable to William Verdult, William Verdult would promptly convey all of his original paintings, lithographs, sculptures and works in other mediums presently owned by William Verdult to the Perkins Trust who would then transfer these items to Blackstock Development. The Agreement also stated that Perkins Trust would own any and all perpetual and lifetime world-wide rights to William Verdult's name, signatures, copyrights, any and all images created, other artist creations, websites and trademarks.

8. Paragraph 2 of the Agreement stated that the twenty percent (20%) stock ownership in Blackstock Development was to be issued by Blackstock Development's Transfer Agent, Florida Atlantic Stock Transfer, Inc., to William Verdult, who designated Troy Verdult to receive the stock in his name. Therefore the Agreement stated that the stock conveyed shall be maintained on Blackstock Development's books in the name of Troy Verdult.

9. Paragraph 15 of the Agreement further stated that the One hundred thousand dollars ($100,000) payable by the Perkins Trust to William Verdult was to be made within ninety (90) days after signing of the Agreement and that William Verdult had designated Troy Verdult to receive the money on his behalf. Paragraph 15 further stated that beginning ninety (90) days after the receipt of the initial payment of One hundred thousand dollars ($100,000), the Perkins Trust, through its Corporation (Blackstock Development) was to pay William Verdult Fifteen thousand dollars ($15,000) each quarter year for living expenses.

10. Paragraph 16 of the Agreement states that if the Perkins Trust fails to pay William Verdult the $100,000 as agreed, then the Agreement may be declared null and void by William Verdult. If this occurred then all of the property and all rights provided to the Perkins Trust shall revert back to the ownership of William Verdult, and all items in the Perkins Trust's possession shall immediately be returned to William Verdult without delay.

11. Paragraph 29 of the Agreement states that if one party breaches any of the terms of the Agreement, such party shall pay to the successful party all of the successful party's costs and expenses, including, without limitation, attorney's and expert witness fees, incurred by such party in enforcing the terms of the Agreement.

12. Subsequent to the signing of the Agreement, William Verdult transferred his entire current collection of at least seven hundred (700) original paintings as well as all statutes, images, photos, prints, drawings, etches, lithographs and other items created by William Verdult, to the Perkins Trust.

13. William Verdult never received the One hundred thousand dollars ($100,000) he was due under the Agreement.

14. Troy Verdult was issued stock certificates for ownership in Blackstock Development, but upon information and belief that corporation never existed.

15. Plaintiffs have given notice to Defendants of their breach and have made demand for payment of money owed and for return of the artwork.

16. Defendant Perkins, Defendant Perkins Trust and Defendant Blackstock Development have refused to return the paintings and other artwork created by William Verdult back to Plaintiffs.

17. Upon information and belief, Perkins has sold numerous William Verdult paintings since he took over their possession, even though he has never paid for them and according to the contract, they do not belong to him.

18. Upon information and belief, when William Verdult or his associates, try to sell William Verdult paintings on the internet or in other locations, Perkins sends the selling site a copy of the Agreement and informs the cite that he (Perkins) is the owner of these paintings. As such the Verdults have not been able to sell any of their paintings in over a year.

19. Upon information and belief, Perkins is fraudulently signing the name of William Verdult to paintings and prints as well as authentication forms, thereby holding out to the public that these art works have been authenticated by the artist, when they have not.

20. Upon information and belief, Defendants may have transferred ownership of the artwork to Blackstock Holdings.

## FIRST CLAIM AGAINST DEFENDANTS
(Breach of Contract)

21. All preceding paragraphs are realleged and incorporated herein by reference as if fully set fort herein.

22. Plaintiffs William Verdult, Verdult Enterprise and Troy Verdult entered into an Agreement with Defendant, Perkins Trust on January 6, 2006, whereby Defendant would pay William Verdult the sum of One hundred thousand dollars ($100,000), and twenty percent (20%) stock in the Perkins Trust's Public Company, Blackstock Development, and an annual stipend of sixty thousand dollars ($60,000) per year, in exchange for William Verdult conveying all of his

original paintings, lithographs, sculptures and works in other mediums presently owned by William Verdult to the Perkins Trust.

23. William Verdult subsequently transferred his entire current collection of at least seven hundred (700) original paintings as well as all statutes, images, photos, prints, drawings, etches, lithographs and other items created by William Verdult, to the Perkins Trust.

24. Perkins Trust never paid the Plaintiffs any of the money it owed them under the contract.

25. The Plaintiffs have been damaged by this breach of contract in an amount in excess of $10,000.

## SECOND CLAIM AGAINST DEFENDANTS
(Fraud)

26. All preceding paragraphs are realleged and incorporated herein by reference as if fully set fort herein.

27. The above representations of the Defendants in the Agreement that they would pay the Plaintiffs for the art work were false and were made with the intent to fraudulently induce the Plaintiffs into signing the Agreement and transferring the artwork to Defendants.

28. The Defendants made the false representation with the intent to deceive the Plaintiff and with the intent that the Plaintiff would rely on such false representations.

29. The Plaintiff did reasonably rely on the false representations of the Defendant and the false representations did deceive the Plaintiffs.

30. The Plaintiffs suffered actual damages as a result of the Defendant's false representations in an amount in excess of $25,000.

31. The Defendants' actions were willful, malicious and made under circumstances of rudeness and oppression and in a manner that evidences a reckless and wanton disregard of the Plaintiffs' rights.

## THIRD CLAIM AGAINST DEFENDANTS
(Unfair and Deceptive Trade Practices)

32. All preceding paragraphs are realleged and incorporated herein by reference as if fully set fort herein.

33. Defendants' actions had the capacity or tendency to deceive Plaintiffs.

34. The Defendants' acts were and are in the area of and affecting commerce.

35. The Defendants' actions in California have violated section 25110 and 25401 of the Corpoartions code. A Desist and Refrain order has been placed in California, Perkins continues to violate the orders.

36. As a direct and proximate result of Defendants' unfair and deceptive trade practices, Plaintiff has been damaged in an amount in excess of $25,000.

37. Defendant's actions have diluted the value of Plaintiff's trade name and have forever damaged the value of Plaintiff's artwork.

38. The Plaintiffs are entitled to recover treble damages from the Defendants.

39. The Plaintiffs are entitled to recover from the Defendants a reasonable attorney's fee incurred in bringing this action, pursuant to California Civil Code Section 1717.

## FOURTH CLAIM AGAINST DEFENDANTS
(Conversion)

40. All preceding paragraphs are realleged and incorporated herein by reference as if fully set fort herein.

41. Upon information and belief, Defendants have taken control of the artwork transferred to them by William Verdult even though Defendants never paid for the artwork and as such they are not the rightful owners.

42. Upon information and belief, Defendants have sold William Verdult paintings for their own monetary gain and have taken other actions in regards to the artwork that has resulted in an unauthorized assumption and exercise of the right of ownership of the artwork.

43. None of the artwork that is rightfully owned by William Verdult and Verdult Enterprises, per the contract signed by Perkins on behalf of Perkins Trust, has ever been returned to the Plaintiffs.

44. The Plaintiffs have been damaged by this unlawful conversion by Defendants in that they have lost an entire collection of artwork (over 700 pieces) created by William Verdult and have also lost out on the profits that the Defendants are making when the Defendants sell these paintings illegally for their own monetary gain.

## FIFTH CLAIM AGAINST DEFENDANTS
(Piercing the corporate veil)

45. All preceding paragraphs are realleged and incorporated herein by reference as if fully set fort herein.

46. Upon information and belief Defendant Blackstock Development is not incorporated but is in fact a d/b/a of Alton Perkins.

47. Upon information and belief Defendants may have transferred assets of Defendants to Defendant Blackstock Holdings.

48. In the event that it is Determined that Blackstock Development is incorporated the Plaintiff pleads for the Corporate Veil to be pierced so as to attach the liability to Alton Perkins personally for the fraud committed upon the Plaintiffs.

49. Upon information and belief, the formation of Blackstock Holdings and Blackstock Development was instituted by Alton Perkins in order to avoid any personal liability he would incur as a result of the fraudulent actions he was perpetrating against Plaintiffs, such that a refusal to disregard the legal existence of Blackstock Holdings and Blackstock Development will result in an injustice.

50. Upon information and belief, at all times relevant to this action, Blackstock Holdings and Blackstock Development were mere instrumentalities of Perkins.

51. At all times relevant to this action, Perkins exercised such complete domination and control of Blackstock Holdings and Blackstock Development that they had no separate identity from him.

52. Perkins used his domination and control over Blackstock Development and Blackstock Holdings to commit wrong, to perpetrate the violation of a statutory or other positive legal duty, or a dishonest and unjust act in contravention of the rights of the Plaintiffs.

53. Perkins' control and exercise of such control of Blackstock Development and Blackstock Holdings proximately caused damages and unjust losses of the Plaintiffs.

## PRAYER FOR RELIEF

**WHEREFORE**, the reasons set forth in this Complaint, Plaintiffs pray the Court for the following relief:

1. A Preliminary and Permanent Injunction as outlined in California Civil Procedure Section 527 Rules of Civil Procedure, forbidding any of the Defendants, or anyone associated with them, from selling William Verdult artwork;

2. Plaintiffs have and recover from the Defendants on Plaintiffs' claim of Breach of Contract an amount in excess of twenty five thousand dollars ($25,000);

3. That the Court render Judgment against Defendants on Plaintiffs' claims of fraud and conversion and award Plaintiff compensatory damages in an amount in excess of twenty five thousand dollars ($25,000) and that they have and recover punitive damages for fraud and

conversion in an amount so as to punish the Defendants for their wrongful conduct as may seem just and proper;

4. That the Court render Judgment against the Defendants on Plaintiffs' claims of unfair and deceptive trade practices and award Plaintiffs an amount in excess of twenty five thousand dollars ($25,000) pursuant to California Civil Section Code 3294-3296.

5. That the Defendants be required to pay all costs incurred by the Plaintiffs in this action, including interest and a reasonable attorneys' fees incurred by Plaintiffs under N.C.G.S. § 75-1.1 et seq., and as called for in paragraph 29 of the Agreement, or otherwise as applicable;

6. An Order from the court demanding the return to Plaintiffs of all artwork created by William Verdult in the possession of any of the Defendants;

7. For such other and further relief as the Court deems just and reasonable.

Respectfully submitted this 18th day of October, 2009

_____
Plaintiff: William Johannes Verdult

_____
Plaintiff: Troy William Verdult

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge S. James Otero and the assigned discovery Magistrate Judge is Marc Goldman.

The case number on all documents filed with the Court should read as follows:

### CV09- 7654 SJO (MLGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] Western Division<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] Southern Division<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] Eastern Division<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
Troy William Verdult
16551 Mount Michaelis Circle
Fountain Valley, Ca. 92708

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM VERDULT ENTERPRISE, WILLIAM VERDULT, and TROY VERDULT<br><br>PLAINTIFF(S)<br>v.<br>THE PERKINS FAMILY TRUST & ALTON PERKINS d/b/a BLACKSTOCKS DEVELOPMENT CORP., and BLACKSTOCK HOLDING CORP.<br>DEFENDANT(S). | CASE NUMBER<br><br>CV09-07654 SJO (MLGx)<br><br><br>SUMMONS |

TO: DEFENDANT(S): _____

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☐ complaint ☑ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, William Verdult , whose address is 16551 Mt. Michaelis Cir. Fountain Valley CA 92708 . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: OCT 2 1 2009

By: ROLLS ROYCE PASCHAL
Deputy Clerk

(Seal of the Court)

1144

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)   SUMMONS