Troy William Verdult & William Johannes Verdult
16551 Mt. Michaelis Circle
Fountain Valley, Ca 92708
Home 949-290-7561
Cell 949-230-6186

*Plaintiff in Pro Per*

FILED
2009 NOV 17  PM 2:27
CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY_____

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

WILLIAM JOHANNES VERDULT and TROY WILLIAM VERDULT

Plaintiffs

-Against-

ALTON AND LORETTA PERKINS, PERKINS FAMILY TRUST, BLACKSTOCKS DEV. CORP., BLACKSTOCKS INV. CORP., WEALTH ENTERPRISES, SUNBURST HOLDING CORP., d.b.a ALTON PERKINS a.k.a "MIKE PERKINS"

Defendants.

Case Number: CV09-07654 SJO (MLGx)

FIRST AMENDED COMPLAINT

Jury Trial Demanded

# I. JURISDICTION

1. Plaintiffs: William Johannes Verdult a well-known and Commercial Artist a master Painter and Sculptor here in America since 1951 also known as the modern Rembrandt or "The Dutch Master" Born in Holland and considers himself "the finest European-America painter living. The artist, during his career owned galleries across the United States and now at his age, his artwork is owned by collectors or exhibited in museums or places of significance.

2. William Verdult has been a citizen of the US since 1951 and has lived in California for over 15 years and previously he grew up in California as one of the First Laguna Beach artists among others to begin the art culture there and the festival. Born in 1939, Verdult has now retired from business but still paints to help support his family with Troy William Verdult as business manager and curator who is the other plaintiff in this case.

3. Both Residents of California for the past 15 years or more. The Verdult's were first contacted in 2003 by Mr. Mike Perkins who used an alias at that time evidence will show that "Mike" is an alias for Alton Perkins (Exhibit #29 Pink Binder). Mr. Perkins has since 1997 "been on-line" doing online business investment offerings (Exhibit #5 Orange File Folder).

4. Alton Perkins uses both Phone and Electronic Contact (Email) to defraud and/or deceive the Verdult and others across state lines before 2003 and after as evidence shows used many other people across the country and through out California but victims have come forward from across the world receiving stolen property in Europe Witness #____.

5. Victims mainly come forward bringing victims/witnesses who also reside in the Central District Court of California a majority, these are people such as Investors who bought stock and or made investments/art related assets and rights to purchases from Mike Perkins a.k.a. Alton

Perkins. Plaintiffs William and Troy Verdult are citizens and residents of Orange County, California and consent to the Jurisdiction of this court.

6. There are many factors of diversity jurisdiction that grants jurisdiction and rights to proceedings in this court's jurisdiction over the Verdult's matters. The Central District of California is where a very valuable and extensive art collection, art appraised by third party runs from $10,000-S1,000,000 a piece and Perkins is in possession of the Kings and Queens of Europe Collection a vary rare encrusted mural collection.

7. Perkins operates business out of North Carolina and upon information and belief since the contract payment was due; Perkins had fled to Virginia a (Witness#___) with the valuable collection that was both sent by Company UPS account to be used to ship items to Perkins said Corp. Blackstocks Dev. or Holding, and at times Wealth Enterprises named was used by Perkins UPS Account to send possessions from California.

8. Troy Verdult who, with a (bodyguard/witness#___) physically drove across the country and delivered the Valuable Collection and possessions coming from District of California to his "corporate headquarters" the vast collection (Exhibit #'s 2,3 Clear Orange-hinge folder).

9. It was suggested by State level Judge in Mecklenburg County in civil matter brought against Perkins, (Exhibit #25 Clear Black-hinged folder judge would not allow more time, in the civil matter brought against Perkins in Superior Court of Mecklenburg County and that the plaintiffs were to re-file their case against the Defendants Perkins in Virginia or Federally in the US District Court.

10. As requested by attorney Mr. Jonathan Schwartz whom the Verdult's have counsel with, Because Mr. Perkins has left the state with the possessions from California and is hard to bring into court avoiding court summons of any kind; as seen by Aaron Stokes of Eagle Eye Witness #____ detective who has made sworn affidavits after watching Mr. Perkins activities and seemed that he prepared to flee from the actions against him.

11.  Upon information and belief, Perkins has been using North Carolina as just a forwarding address doing and conducting his business and investment offerings across state lines currently on his website world-wide and through-out California and the US.

12.  The Verdult's were contacted by a witness from Laguna Beach (witness#___) recently within the past weeks, he gave Perkins $3,000 and that Perkins promised to provide Artist Appraisals which he has not picked up the victims calls since he got the money nor has he received any contact from Perkins.

13.  The Plaintiffs were sent contracts and stock certificates to California Central U.S. District (through mail or UPS over state-lines) for the transaction of William Verdult's 10 year-collection of nearly 800 original pieces of art which included over 700 original paintings, murals, masterpieces, sketches, websites etc. was delivered mostly in person from The Artist in California to Alton Perkins Corporate headquarters at the time in North Carolina.

14.  William Verdult will testify to the facts that he spoke with Perkins over the telephone in Newport Beach and Mr. Perkins had contacted the Office/Gallery being leased at the time by Troy Verdult where Perkins sent media through the mail and company UPS account see (folder Clear Item#4) the artist also used Alton Perkins Corporation's United Parcel Service account to send paintings and shipments of Verdult's possessions from the artist himself Mr. William Verdult residence and storage facility which stored the Verdult's possession were taken in the Jurisdiction of this Court.

## II. VENUE

The FBI have since conducted Investigation out of the Los Angeles, and have meet with the plaintiffs Troy and William with Counsel Jonathan Schwartz on several with the artist.

15.  . After it was clear that Perkins was not giving back the possessions and continued to have total disregard for the Plaintiffs civil rights, the Verdult's both (Troy & William) reported the initial reporting to the Santa Ana, Ca. Field office of the Federal Bureau of Investigation

which furthered investigation launched by (Witness#___) of the matters with Verdult's on several occasions and assigned both (Witness#___ & ___) since investigations have since been conducted in Los Angeles with assigned agents (Witness___ & ___)

16. Before and After Perkins dealt with the Verdult, Perkins is known to sell stock or now solicit investments in the same manner with exact same or similar methods of operations which used on the Verdult's and many other victims such as David Gerlach Witness#(___), of Walnut Creek Ca., (exhibit #1 Red Folder) who is one of dozens of victims that have made contact with the Verdult's either my phone or email and authorities

17. . Gerlach made the Original Complaint with the California Department of Corporation before the Agreement between Perkins and Verdult. The DOC took action in March 2008 and placed a Desist and Refrain order against Mr. Perkins (exhibit #13 folder orange), which he has failed to comply with the order..

18. Perkins continues to offer investments through the corporations programs involving William Verdult artwork creating current victim (witness#___). The company has continued to offer investments and business transactions dealing with people in California using the "William Verdult" artist name. Such as saying he is "Mike Verdult" at the "Verdult Gallery".

19. Many people have recently contacted the Verdult's and since the incident occurred many have come forward and been in contact with authorities also, and are willing to testify to these facts. Since this case began, a lot of Perkins business scams are committed against the public to victims and witnesses who reside here locally in the Central District of California.

20. The Verdult's have brought suit against Perkins in the State of North Carolina which the Verdult's appeared for mediation and Perkins claimed he owned all rights and all of the Verdult's possessions they turned over to his Corporation for the Verdult "Agreement" which then Perkins left the state and used malicious and criminal behavior, conversions and frauds in any way possible to get cash or trade items, hide art or get services for artwork. It states on Perkins website that Perkins (Corporations) have sold what he claims to be over 3,000 "on-line" auctions online and states they are the "authority on the William Verdult art market".

21. Perkins have used many other frauds with Investments and other offerings pertaining to the artwork such as evidence showing Insurance Fraud (exhibit #3 Red Folder), and forgery of all kinds including certificates of fake copies of vacation packages and what ever else he can do with the art to commit frauds against others using the Verdult name to achieve commit his crimes; Perkins using the Verdult name offering appraisals (to collectors of paintings, Perkins tells people over the phone "his corporation owns the artist and he can create appraisals (Witness#___) Either does not contact his victim back or sends them manipulated or forged/fake documents.

22. William and Troy Verdult were promised $100,000 and %20 in the form of the stock in the public company which created false SEC filings, finding that out after of all the paintings and profits being turned over to Perkins Corporation's such as signed reproductions, original sculptors, fine-art, images of all kinds and the %20 came in form of stock to the Verdult's residence at the time.

23. Mr. Perkins towards the end of the contract being due ($100,000 payment) Mr. Perkins promised Mr. Verdult a home and wrote a check to buy a home in Central District of California for the artist which the $5,000 check bounced to the Mortgage Company (exhibits #21 & #22 Clear Orange-hinged folder) Before

24. The collection supposedly held sent to the "Corporate Headquarters" in North Carolina then Mr. Perkins after receiving the paintings- Verdult's 10-year life long collection from the Verdult's it seemed Perkins avoided the Verdult's after Troy Verdult delivered the Artwork and William Verdult was done shipping paintings to Perkins and when asked about the $100,000 by the artist Mr. Verdult the artist remembers Perkins saying over the phone something very similar to this "Ha-Ha, I got you now Willy! " then hangs up the phone(William)Recalls.

25. Perkins has since made death threats to the Verdult's and to other witnesses on the telephone phone across state lines, stating that the Artist was to be killed and other terrorist type threats to one witnesses family.

26. Upon information and belief Mr. Perkins has already sold hundreds of thousands of dollars of the Verdult's possessions and continue to this day also selling fake and forged artwork and certificates of authenticity, which is said to be coming from the artist but really coming from Mr. Perkins.

## III. PARTIES

27. Plaintiff William Verdult resides at 723 Balboa Ave. Laguna Beach, Ca. 92651

28. Plaintiff Troy William resides at 16551 Mt. Michaelis Circle Fountain Valley, Ca 92708

29. Defendant Alton Perkins d.b.a many corporation's with its principal place of business at 10130 Mallard Creek Rd. Suite 300 Charlotte NC 28262 CEO and Owner of Sunburst Holdings Corp. formally known as Blackstock Dev. Corp, Blackstocks Holding Corp., Wealth Enterprises

30. Upon Information and Belief, Defendant Perkins Trust was organized and exists in Mecklenburg County, North Carolina. .

31. Defendant Blackstocks Development upon information and belief, doe not exist as a corporation, they are not registered, nor have they ever been registered, with the North Carolina Secretary of State, nor have they registered or have ever been registered with the State of Delaware, which is the state it was supposedly incorporated in according to the stock certificates issued to Troy Verdult.

32. Defendant Loretta Perkins Officer of Corporations offered investments to the Verdult's both Loretta and Alton Perkins unlicensed to sell stock in the State of California, evidence has shown Mrs. Perkins assist in the possession and illegal sale and conversion of the property of the Verdult's and many others. Contributing her signature on Certificates of stock and other documents such as certificates for Verdult Artwork when being sold to date.

## IV. STATEMENT OF FACTS

33. This Court has jurisdiction over the subject matter of this action pursuant to Section 1331 of the Judicial Code, 28 U.S.C. § 1331, because it arises under a federal statute.

34. This Court has personal jurisdiction over Defendants because they are either incorporated throughout the World-Wide Web or doing business anywhere, and operate in this district and the products that are the subject of this action were sold in this district, or where the transaction originated.

35. Venue is proper in this district pursuant to Section 1391(b) of the Judicial Code, 28 U.S.C. § 1391(b), because this is a district in which a substantial part of the events or omissions giving rise to the claim occurred.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

36. It is known that Mr. Perkins has filed for stock with the Securities and Exchange Commission and the Defendants also used this as a tool to defraud investors. As it states in the Desist and Refrain Order from Alan Dufarchard D.O.C Commissioner (Exhibit # 14 Orange Folder), Alton Perkins failure to have omitted to disclose material facts related to felony counts that in August 2000 Mr. Perkins pled nolo contender relating to an indictment for fraudulent misappropriation of funds in a fiduciary compactly in the Circuit Court for the Prince George's County in the state of Maryland. During which this time Perkins filed documents with the S.E.C stating that since 1998 he held his position as company's CEO, and Company Pending Public Stock Symbol with no mention or disclosure of his past and his nicknamed "Mortgage Broker" by the attorney general's office in press release (exhibit #10 orange folder) or suspensions with unlicensed behavior- because of the 11 Felony Counts against him criminally (Exhibit #'7-10 orange). Perkins stated he was CEO and conducted a highly sophisticated business across stateliness with investors, business with securities transactions, public stock pending its stock symbol, are know to be one of many of Perkins Frauds across states lines.

37. As a result of Plaintiffs' extensive use of material used to distract or persuade the Verdult's into trusting Mr. Perkins and believing he was an honorable person, who was really

upon information and belief on probation at the time for "Interstate Compact" (exhibit#7 Orange Folder) with a suspended license and made false or failed to omit these facts to the SEC and with others like the Secretary of State in the Delaware or more (see exhibits #3-5 Orange folder) when these facts he had committed in the past, the major frauds of 11 felony counts of criminal charges were not omitted, mentioned and definitely never disclosed these facts to the plaintiffs before the Agreement or any of the transactions.

38. Causing the losses to the Verdult's of millions of Dollars in Asset's and art, it is suspected and believed Perkins had no intention of paying for the contract from the second it was created It was planned and calculated Mr. Perkins has sold dozens of the Verdult's possessions from the list of paintings signed upon deliverer (see writ of attachment). To this day he still makes business offerings and fails to omit material evidence pertaining to being on probation for 11 counts of Felony Frauds. (Exhibit #13 Orange Binder) In his SEC filings, like business as usual its quite remarkable how these perpetrations are carried out.

39. Mr. Perkins Securities offering in the state of California were sold with out permit and not qualified any way. Mr. Perkins has violated Corporation Code 25540 (a) §§25110,25540. (Exhibit#13 Orange Folder).

40. The Company or Corporation being used by Alton Perkins has sold unqualified securities §§25110,25540 to numerous people. And did knowingly to commit acts of conversion, fraud and theft. (Exhibit's 1, 5,6, and 7 Blue Folder)

**Federal Criminal Statute Concerning Case**

41. Perkins Committed Computer Crime and Intellectual Property Crimes, with Federal Criminal Intellectual Property Statues violation of section 18 U.S.C §2319

42. Through committing a swindles type fraud 18 U.S.C. 1341 Alton Perkins devised a plan or intended to devise a scheme or artifice to defraud making false misrepresentations and selling intimidating items which are said to be from the "hands-of the Artist" then by altering the artist name on the Counterfeit item they sell it to make a profit for own gain. (Exhibit# 36 Pink Folder)

43. Many violations of criminal codes including mail fraud and check fraud including other such exhibits are present through out the case.

**Timeline of Events and Facts Concerning the Case**

44. On January 6th, 2006 Defendant Perkins Trust and/or Alton Perkins entered into an irrevocable Art Publication and Rights Agreement (Hein after "Agreement") with the plaintiffs William Verdult and Troy Verdult. (Exhibit#1 Clear Orange –hinged folder)

45. The Terms of the agreement as stated in Paragraph 1, was that for the sum of One hundred thousand dollars ($100,00), and twenty percent (20%) stock in the Perkins Trust's Public Company, Blackstock Development Company, and an annual stipend of sixty thousand dollars ($60,000) per year payable to William Verdult, William Verdult would promptly convey all of his original paintings, lithographs, sculptures and works in other mediums presently owned by William Verdult to the Perkins Family Trust who would then transfer these items to Blackstock Development. The Agreement also stated that Perkins Trust would own any and all perpetual and lifetime world-wide rights to William Verdult's name, signature, copyrights, any and all images created, other artist creations, websites and trademarks.

46. The agreement stated that the twenty percent (20%) stock ownership in Blackstock Development was to be issued by Blackstock Development's Transfer Agent, Florida Atlantic Stock Transfer. Inc., to William Verdult, who designated Troy Verdult to receive the stock in his name. Therefore the Agreement stated that the stock conveyed should be maintained on the Blackstocks Development's books in the name of Troy Verdult.

47. Paragraph 15 of the Agreement further stated that the One hundred thousand dollars ($100,000) payable by the Perkins Family Trust to William Verdult was to be paid within ninety (90) days after signing of the agreement and that William Verdult has designated Troy Verdult to receive the money on his behalf. Paragraph 15 stated that beginning ninety (90) days after the receipt of the initial payment if One hundred thousand ($100,000), the Perkins Trust, through it Corporation (Blackstock Development, now Sunburst) Holding Corp.) Was to pay William Verdult Fifteen thousand dollars ($15,000) each quarter year for living expenses.

48. Paragraph 16 of the Agreement states that if the Perkins trust fails to pay William Verdult the $100,000 as agreed, then the Agreement may be declared null and void by William Verdult. If this occurred then all of the property and all rights provided to the Perkins Trust shall revert back the ownership of William Verdult, and all items in the Perkins Trust's possession shall immediately be returned to William Verdult without delay. The payment was never made, nor was the property returned.

49. Subsequent to the signing of the Agreement, William Verdult transferred his entire current collection trusting not knowing his interstate compact probation and felonies.

50. Mr. Perkins with at least seven hundred (700) original paintings as well as all statues, images, photos, prints, drawings, etches and sketches, lithographs-signed and other items created by William Verdult, to the Perkins Trust. Has been converting the property the property since with the using the William Verdult name to commit acts against people as well.

51. William Verdult never received the One Hundred thousand dollars ($100,000) he was due under this Agreement, nor was the Sixty thousand dollars ($60,000) stipend per year for living expenses.

52. Troy Verdult was issued stock certificates for Ownership in Blackstock Development but upon information and belief this was unlicensed stock was illegal to issue pertaining to the Securities Act Law of 1968 California Corporations.

53. Plaintiffs have given notice to the defendants (null and void statement of their breech and have made demand for payment of money owed and for especially if not anything the return off all the artwork in the collection and others possessions turned over to the Defendants.

54. Defendant Perkins, Defendant Perkins Trust and Defendant Blackstock Development have refused to return the paintings and the other artwork created by William Verdult back to the plaintiffs.

55. Upon information and belief, when William Verdult or his associates, try to sell William Verdult Paintings on the internet or in other locations, Perkins sends the selling site a copy of the agreement (witness#___) and informs the site that he (Perkins) is the owner of these paintings.

As such the Verdult's have not been able to sell paintings or certificates of authenticity for over the past 3 years especially because Perkins will tell buyers that he can provide the collectors with Certificates of Authenticity from the artist and when he takes the money for the service it is known that he never contacts or attempts to contact the victim (witness#___)

56. Evidence shows (sales folders blue and pink) Perkins has sold numerous William Verdult's paintings and other possessions since he took over the possession of Verdult's property, even though he has never paid for them and according to the contract, they do not belong to them he continues to sell.

57. Upon Information and belief, Perkins is fraudulently signing the name of William Verdult to paintings, prints and now sculptures. As well as signing the Artist name to authentication forms, thereby holding out to the public that these art works have been authenticated by the artist, when they are most of the time produced by forging or copying the artist name with a printer onto the documentations and even the art pieces themselves are being forged. (Exhibit#8 Red Folder)

58. Upon Information and belief Mr. Perkins has not kept record of the Paintings sales in the Verdult's inventory and the defendants have moved the collection out of the state into Virginia. The Defendants may have transferred ownership of the artwork to Sunburst Holding Corp or Blackstocks Holding Corp. It is known through witness #22 tied to other witnesses) that Perkins has sold a large amount of the King and Queen of Europe Collection. Out of the country to a man in Switzerland who the Verdult's have been in contact with (witness#___) and he is willing to abide by the laws and even give the artwork back to the Verdult's making losses to witness as another victim in the tens of thousands of dollars to hundreds of thousands of dollars. This witness is willing to cooperate and more than happy to testify.

### FIRST CLAIM FOR RELIEF
### CAUSE OF ACTION
### *(BREECH OF CONTRACT)*

59. All Proceeding paragraphs are re-alleged and incorporated herein by reference as if fully set forth herein.

60. Plaintiffs William Verdult and Troy Verdult entered into an Agreement with Defendant, Perkins Trust on January 6, 2006, whereby Defendant would pay the sum of One Hundred thousand dollars (100,000), and twenty percent (20%) stock in the Perkins Trust's Public Company, formerly Blackstock Development and now Sunburst Holding Corp., an annual stipend of sixty thousand ($60,000) per year, in exchange for William Verdult conveying all of his original paintings, lithographs, sculptures and works in other mediums presently owned by William Verdult to the Perkins Trust.

61. Perkins Trust or Alton Perkins or any of his corporations never paid the plaintiffs any of the money owed them under the contract. Which the Verdult's trusted Perkins that he would at least give back the possession if he could not pay, they did not know he was a felon until it was brought up by private eyes in Charlotte (witness#___)

62. The Plaintiffs have been damaged by this breach of contract in an amount in excess of $100,000

## SECOND CLAIM FOR RELIEF
## CAUSE OF ACTION
## (FRAUD)

63. All preceding paragraphs are realleged and incorporated herein by reference as if fully set forth herein,

64. The above representations of the Defendants in the Agreement that they would pay the Plaintiffs for the artwork, were false and were made with misleading statements and failure to disclose material facts and were made false with the intent to fraudulently induce the plaintiffs into signing the Agreement and transferring the artwork to the defendants.

65. The Defendants made false representation with the intent to deceive the Plaintiffs that would rely on such false representations.

66. Plaintiffs did reasonably rely on the false representations of the defendants and the false representations did deceive the Plaintiffs.

67. The Plaintiffs suffered actual damages as a result of the defendant's false representations in an amount in excess of $100,000.

68. The Defendants' actions were willful, malicious and made under circumstances of rudeness and oppression and in manner that evidence a reckless and wanton disregard if the Plaintiff's rights.

### THIRD CLAIM FOR RELIEF
### CAUSE OF ACTION
### *UNFAIR AND DECEPTIVE TRADE PRACTICES*

69. All proceeding paragraphs are realleged and incorporated herein by reference as if fully set forth herein.

70. The Defendants' actions had the capacity or tendency to deceive the Plaintiffs.

71. The Defendants' acts were and are in the area if and affecting commerce.

72. The Defendants' actions in California have violated section 25110 and 25401 of the Corporations code. A Desist and Refrain order has been placed in California by the DOC, Perkins continues to violate these orders.

73. As a direct and proximate result of the Defendants' unfair and deceptive trade practices, Plaintiffs have been damaged in excess of $100,000.

74. Defendants' actions have diluted the value of the Plaintiff's trade name and have forever damaged the value of the Verdult artwork.

75. The Plaintiffs are entitled to recover treble damages from the defendants.

76. The Plaintiffs are entitled to recover from the Defendants a reasonable attorney's fee incurred in bringing this action, pursuant to California Civil Code Section 1717.

### FORTH CLAIM FOR RELIEF
### CAUSE OF ACTION
### *(CONVERSION)*

50.) All preceding paragraphs are realleged and incorporated herein by reference as if fully set forth herein.

51.) Upon information and belief, defendants have taken control of the artwork transferred to them by William Verdult even though the defendants never paid for the artwork and as such they are not the rightful owners.

52.) Upon information and belief, defendants have sold William Verdult paintings for their own monetary gain and have taken other actions in regards to the artwork that has resulted in an unauthorized assumption and exercise of the right of ownership of the artwork.

53.) None of the artwork that is rightfully owned by William Verdult, per the contract signed by Perkins on behalf of the Perkins Trust, has ever been returned to the plaintiffs.

54.) The Plaintiffs have been damaged by this unlawful conversion in that they have lost an entire collection of William Verdult's previous 10 years worth of work or more. Over (700) pieces created by William Verdult and have also lost out on the profits that the defendants are making when the Defendants sell these paintings illegally for their own monetary gain. To date through-out many online sales outlets and will put on art showing publicly to sell the property to the public.

## FIFTH CLAIM FOR RELIEF
## CAUSE OF ACTION
## (PIERCING THE CORPORATE VEIL)

55.) All preceding paragraphs are realleged and incorporated herein by reference as if fully set forth herein.

56.) Upon information and belief Defendant Blackstock Development is not incorporated but is in fact a d/b/a of Alton Perkins.

57.) Upon Information and belief defendants may have transferred assets of Defendants to Defendant Sunburst Holding Corp.

58.) In the event that it is determined that Blackstock Development is incorporated the Plaintiff pleads for the corporate veil to be pierced so as to attach the liability to Alton Perkins personally for the fraud committed upon the plaintiffs.

59.) Upon information and belief, the formation of Blackstocks Holdings and Blackstocks Development was instituted by Alton Perkins in order to avoid any personal liability he would incur as a result of the fraudulent actions he was perpetrating against the plaintiffs, such that a

refusal to disregard the legal existence of Blackstock Holdings and Blackstock Development will result in an injustice.

60.) Upon information and belief, at all times relevant to this action, Blackstock Holdings and Blackstocks Development were mere instrumentalities of Perkins

61.) At all times relevant to this action, Perkins exercised such complete domination and control of Blackstock Holdings and Blackstock Development that they had no separate identity from him.

62.) Perkins used his control over Blackstock Development and Blackstock Holdings to commit wrong, to perpetrate the violation of a statutory or other positive legal duty, or a dishonest and unjust act in contravention of the rights of the Plaintiffs.

63.) Perkins' control and exercise of such control of Blackstock Development and Blackstock Holdings proximately caused damages and unjust losses of the Plaintiffs.

## V. **REQUEST FOR RELEIF**

WHEREFORE, the reasons set forth in this complaint, Plaintiffs pray the court for the following and request the following relief:

1.) A Preliminary and Permanent Injunction as outlined in California Civil Procedure Section 527 Rules of Civil Procedure, forbidding any of the Defendants, or anyone associated with them, from selling William Verdult artwork;

2.) Return all unsold artwork not yet converted and returned to the plaintiffs including but not limited to: Sketches, and Original Etchings, Original Murals and Master-pieces along with any and all creations in possession of. Return the family archive photographs and history publicity, large/medium format film of images of Verdult's art, any and all slides or film/photography of Verdult's works and life need to be returned. All reproductions not yet sold and other forms of creations or possessions to the Verdult's

3.) Plaintiffs have and recover from the defendants on Plaintiffs' claim of Breech of Contract an amount in excess of one hundred thousand dollars ($100,000).

4.) The courts grant a Temporary Restraining Order stopping Mr. Perkins from making terrorist death threats (reported to the FBI) and threats through email contact, please see (electronic contact with Perkins)

5.) That the Court render Judgment against Defendants on Plaintiffs claims of fraud and conversion and award Plaintiff compensatory damages in an amount excess of one hundred thousand dollars ($100,000) and that they have and recover punitive damages for fraud and conversion in an amount so as to punish the Defendants for their wrongful conduct as may seem just and proper;

6.) That the courts render Judgment against the Defendants on Plaintiffs' claims of unfair and deceptive trade practices and award the Plaintiffs an amount in excess of one hundred thousand dollars ($100,000).

7.) That the Defendants be required to pay all costs incurred by the Plaintiffs in this action, including interest and reasonable attorneys' fees incurred by the Plaintiffs as called for in Paragraph 29 of the Agreement, or otherwise applicable.

8.) An Order from the court demanding the return to the plaintiffs of all artwork created by William Verdult and any other of Verdult's possessions which are in the possession of any of the Defendants.

9.) For such other and further (criminal) relief as the Court deems just and reasonable.

## VI. DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial on all issues raised in this complaint.

Respectfully submitted this 17th day of November, 2009

Dated: November 17th 2009

Sign: _____
Print Name: William Johannes Verdult

Plaintiff in pro per

Dated: November 17th 2009

Sign: _____
Print Name: Troy William Verdult

Plaintiff in pro per